MAYER BROWN LLP
DOUGLAS A. SMITH (SBN 290598)
*dougsmith@mayerbrown.com*
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

ARCH & LAKE LLP
HAO TAN (pro hac vice application forthcoming)
*HaoTan@archlakelaw.com*
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Phone: 425-289-7858
Fax: 312-614-1873

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation
Limited, d/b/a Surron

*Additional counsel listed on the following page.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHONGQING QIULONG TECHNOLOGY CORPORATION LIMITED, DBA SURRON,<br><br>Plaintiff,<br><br>v.<br><br>XINGHAI HI-TECH (SHENZHEN) TECHNOLOGY CO., LTD.; AND HONG KONG YINGTENG INTERNATIONAL TRADE LIMITED,<br><br>Defendants. | Case No. 8:26-cv-00061<br><br>**COMPLAINT FOR PATENT INFRINGEMENT UNDER PATENT ACT, 35 U.S.C. § 271** *et seq.*<br><br>DEMAND FOR JURY TRIAL |

ARCH & LAKE LLP
SHEN WANG (*pro hac vice application forthcoming*)
*ShenWang@archlakelaw.com*
PETER J. CURTIN (*pro hac vice application forthcoming*)
*pete_curtin@archlakelaw.com*
YU DI (*pro hac vice application forthcoming*)
*YuDi@archlakelaw.com*
YUE YANG (*pro hac vice application forthcoming*)
*AlysssaYang@archlakelaw.com*
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation Limited,
d/b/a Surron

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chongqing Qiulong Technology Corporation Limited, doing business as Surron ("Surron") for its Complaint against Defendants Xinghai Hi-Tech (Shenzhen) Technology Co., Ltd. ("Xinghai") and Hong Kong Yingteng International Trade Limited ("Yingteng") (collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for infringement of United States Design Patent No. D854,456 ("the patent-in-suit") arising under the patent laws of the United States, 35 U.S.C. § 271, et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction over the Defendants because, among other things, Defendants, acting in concert, have purposely availed themselves of the rights and benefits of the laws of the State of California by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being brought into court here. For example, upon information and belief, Defendants, acting in concert, directly target business activities toward consumers in the United States, including consumers in California, by offering to sell and selling infringing products in this judicial district under the brand "79Bike," and by maintaining a local contact address at 1979 Renaissance Pkwy, Rialto, California. Further, as of the date of this Complaint, Defendants are actively targeting consumers in California by displaying their infringing products in the AIMExpo 2026 trade show being held in Anaheim, California.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling, and distributing products under the brand 79BIKE within this judicial district. Venue is proper in this district pursuant to the general federal venue statute, 28 U.S.C. § 1391, because the claims asserted arise in this district and Defendants are foreign corporations. Venue is also proper under 28 U.S.C. § 1391(c)(3).[1]

---

[1] Section "1400(b) is the sole and exclusive provision controlling venue in patent infringement actions" for domestic corporations. *Fourco Glass Co. v. Transmirra Prod.*

# THE PARTIES

4. Plaintiff Surron is a corporation organized and existing under the laws of the People's Republic of China, having its principal place of business in Chongqing, China. Plaintiff is engaged in the design, manufacture, and sale of e-bikes.

5. Upon information and belief, Defendant Xinghai is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at 1315 Haiyuan Innovation Center, No.8 Fu'an Ave., Hehua COMM, Pinghu St., Longgang District, Shenzhen, China. Upon information and belief, Xinghai is engaged in the manufacture and/or sale of e-bikes, including the infringing products at issue in this case.

6. Xinghai is the owner of the U.S. registered trademark "7 79BIKE" with registration number 7855947. Upon information and belief, Xinghai imports into the United States e-bikes under the brand name "79Bike" and sells and offers to sell in the United States those e-bikes under the brand name "79Bike" at least through its interactive websites https://79bike.com and https://79emotos.com.

7. As of January 7, 2026, Xinghai is actively marketing its e-bike products including but not limited to its "79Bike Falcon" and "79Bike LYNX" product in the United States. More specifically, Xinghai is actively displaying its e-bike products, including but not limited to "79Bike Falcon" and "79Bike LYNX" product at the AIMExpo 2026 trade show being held from January 7 through January 9, 2026 at the Anaheim Convention Center, Anaheim, CA.

8. Photographs taken at the AIMExpo 2026 trade show confirm Xinghai's active display and promotion of the accused products, including the "79Bike Falcon" and "79Bike LYNX" products. Representative photographs are reproduced below.

---

*Corp.*, 353 U.S. 222, 229 (1957). But it is "the well-established rule that suits against alien defendants are outside the operation of the federal venue laws." *In re HTC Corp.,* 889 F.3d 1349, 1361 (Fed. Cir. 2018); *see also id.* at 1357 ("In short, while § 1400(b) governs venue in patent cases, it governs only to displace otherwise-applicable venue standards, not where there are no such standards due to the alien-venue rule.").



Figure 1. 79BIKE booth at AIMExpo 2026 displaying the "79Bike Falcon" and "79Bike LYNX" electric off-road motorcycles.



Figure 2. Close-up view of the "79Bike Falcon" and "79Bike LYNX" electric off-road motorcycles displayed at 79BIKE AIMExpo 2026 booth.



Figure 3. Promotional brochures for the "79Bike Falcon" and "79Bike LYNX" electric off-road motorcycles distributed at AIMExpo 2026 trade show.

9. Xinghai was the owner of former Chinese Design Patent No. 202330330907.4, which claimed the design of Xinghai's "79Bike Falcon" product. The Chinese Patent Office found that this former design patent was invalid over the prior art Chinese Design Patent No. ZL201730077820.5, the Chinese counterpart of the patent-in-suit, which is owned by Plaintiff Surron.

10. Upon information and belief, Defendant Yingteng is a corporation organized and existing under the laws of Hong Kong, having a principal place of business at Room 602 6/F Kaiyue Commercial Building No. 2C, Argyle Street, Mongkok, KL, Hong Kong, China. Upon information and belief, Yingteng is engaged in the manufacture and/or sale

of e-bikes including the infringing products at issue in this case. Upon information and belief, an affiliate of Yingteng, Shenzhen Yingteng Technology Co., Ltd., owns a majority of the shares of Defendant Xinghai.

11. As of January 7, 2026, the website <https://79emotos.com/pages/about-us> claims that "79 EMOTOS is a co-brand of 79 BIKE" and further that "[Yingteng] operate[s] and manage[s] the brands 79Bike and 79EMOTOS." Upon information and belief, Defendant Yingteng operates the websites https://79bike.com and https://79emotos.com.

12. Upon information and belief, during all the relevant time periods, Defendant Yingteng acted in concert with Defendant Xinghai in manufacturing, importing into the United States, selling, and offering to sell at least the accused "79Bike" products.

## BACKGROUND

13. On July 23, 2019, the U.S. Patent and Trademark Office duly and legally issued United States Design Patent No. D854,456, entitled "Light Electric Off-Road Motorcycle." A true and correct copy of the patent-in-suit is attached as Exhibit A. The patent-in-suit claims the ornamental design for a light electric off-road motorcycle, depicted therein.

14. The patent-in-suit is valid and enforceable.

15. Surron is the sole assignee and owner of all right, title, and interest in and to the patent-in-suit.

16. As a result of Surron's substantial advertising and promotional efforts, as well as the high quality of the products associated with the patent-in-suit, this distinctive design has earned valuable and residual goodwill and reputation for Surron being the source of said goods in the United States.

17. Since March 2023, Surron has duly marked its competing products sold in the United States to indicate that those products are protected by the patent-in-suit.

## COUNT 1

### Direct Infringement

18. Surron repeats and incorporates by reference the allegations of paragraphs 1 through 17 above.

19. Upon information and belief, Defendants have infringed and continue to infringe the patent-in-suit by distributing, promoting, selling and/or offering to sell in the United States, and/or importing into the United States at least the 79BIKE Falcon Pro, 79BIKE Falcon GT, and 79BIKE LYNX light electric off-road motorcycles ("Accused Products"), which embody the design of the patent-in-suit, without authority or license from Surron.

20. Upon information and belief, Defendants have infringed and continue to infringe the patent-in-suit by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the Accused Products, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the Accused Products, to which the design of the patent-in-suit or a colorable imitation thereof has been applied.

21. Defendants' actions violate 35 U.S.C. §§ 271(a) and 289.

22. As illustrated below, in the eye of the ordinary observer, familiar with the prior art, giving such attention as a purchaser of the Accused Products would usually give, the design of the patent-in-suit and the designs of the Accused Products are substantially the same, such that the ordinary observer would be deceived into believing that the designs of the Accused Products are the same as the design of the patent-in-suit.

| **The Design of the Patent-in-Suit** | **The Designs of the Accused Products** |
|---|---|
|  | 79BIKE Falcon GT<br>https://79bike.com/products/gt |

| | |
|---|---|
|  |  79BIKE Falcon Pro https://79bike.com/products/79bike-falcon-pro |
|  |  79BIKE LYNX https://www.alibaba.com/product-detail/Latest-Style-2026-79-Bike-Lynx_1601589822627.html |

23. In fact, upon information and belief, Xinghai previously applied for and obtained Chinese Design Patent No. 202330330907.4, which was based on the same overall design embodied in the Accused Products. Chinese Patent Office subsequently invalidated the

design patent over Chinese Design Patent No. 201730077820.5, which is owned by Surron and corresponds to the same design that is subject of the patent-in-suit.

24. Accordingly, Defendants have been on notice of Surron's prior design rights and the scope of Surron's claimed design protection, yet have willfully continued to manufacture, promote, and offer for sale products embodying the same overall design.

25. Surron has complied with the marking and notice requirements of 35 U.S.C. § 287.

26. Upon information and belief, Defendants have gained profits by virtue of their infringement of the patent-in-suit.

27. Surron has suffered and is continuing to suffer damages as a direct and proximate result of Defendants' infringement of the patent-in-suit, and Surron is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

28. Surron has suffered injury, including irreparable injury, as a result of Defendants' infringement of the patent-in-suit. Surron is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants from infringing the patent-in-suit.

## **PRAYER FOR RELIEF**

Surron requests that this Court grant the following relief:

1. A judgment that Defendants have infringed the claimed design of the patent-in-suit;

2. Orders temporarily restraining and enjoining, preliminarily restraining and enjoining, and permanently restraining and enjoining Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with either defendant, from further acts of infringing the patent-in-suit including, but not limited to, making, importing, promoting, offering, or exposing for sale, or selling products with designs confusingly similar to the claimed design of the patent-in-suit, as explained above, until after the expiration date of the patent-in-suit;

3. A judgment against Defendants for Defendants' total profits for any article of manufacture to which the design of the patent-in-suit has been applied as a result of

Defendants' infringement of the patent-in-suit in an amount to be determined at trial as provided under 35 U.S.C § 289 or for money damages sustained as a result of Defendants' infringement of the patent-in-suit in an amount to be determined at trial as provided under 35 U.S.C. § 284, whichever is greater;

4. A judgment against Defendants finding that their infringement of the patent-in-suit has been willful and awarding Plaintiff treble damages for Defendants' willful infringement of the patent-in-suit;

5. An accounting of Defendants' profits pursuant to 35 U.S.C. § 289;

6. A judgment against Defendants finding that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its costs and reasonable attorneys' fees relating to this action; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: January 8, 2026

Respectfully submitted,

MAYER BROWN LLP

By: */s/ Douglas A. Smith*
    Douglas A. Smith

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation Limited, d/b/a Surron